**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STAMATIA KOSTOPOULOS,

Plaintiff,

vs.

ONEWEST BANK, FSB, and FINANCIAL FREEDOM ACQUISITION, LLC, f/k/a Financial Freedom Senior Funding Corporation,

Defendants.

Civil Action No. 2:14-cv-12923-AC-MJH

Honorable Avern Cohn

Magistrate Michael J. Hluchaniuk

Ziyad Kased (P72237)
**KASED LAW PLLC**
*Attorneys for Plaintiff*
625 E. Big Beaver Rd., Ste 205
Troy, MI 48083
(248) 680-7300
ziyadkased@gmail.com

Robert Hugh Ellis (P72320)
**DYKEMA GOSSETT PLLC**
*Attorneys for Defendants*
400 Renaissance Center
Detroit, MI 48243
(313) 568-5448
rellis@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## **DEFENDANTS' ANSWER TO COMPLAINT**

Defendants OneWest Bank N.A. (formerly known as OneWest Bank, FSB) ("OneWest") and Financial Freedom Acquisition LLC (collectively, "Defendants"), for their answer to Plaintiff's complaint, state as follows:

## **GENERAL DENIAL**

Defendants deny that Financial Freedom Acquisition LLC was formerly known as Financial Freedom Senior Funding Corporation and further deny each

and every allegation of Plaintiff's Complaint, except as specifically admitted, answered, or otherwise qualified herein.

1. Plaintiff is a resident of the City of Warren, Macomb County, Michigan.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Defendant OneWest Bank, FSB (hereinafter "OneWest Bank") is a Federal Savings Bank with its principle place of business in Pasadena, California. In 2009 OneWest Bank acquired certain assets and liabilities of IndyMac Federal Bank, FSB and of Financial Freedom Senior Funding Corporation, including the reverse mortgage which is the subject matter of this case.

**ANSWER:** Defendants deny that OneWest Bank is a federal savings bank. OneWest was previously a federal savings association, but now is a national banking association known as "OneWest Bank, N.A." with its main office in Pasadena, California. OneWest Bank admits that it acquired certain assets of IndyMac Federal Bank, FSB. OneWest denies that it acquired assets and liabilities of Financial Freedom Senior Funding Corporation. Instead, certain assets of Financial Freedom Senior Funding Corporation were acquired by Financial Freedom Acquisition LLC, a wholly owned subsidiary of OneWest Bank. In July 2011, the assets of Financial Freedom Acquisition LLC were transferred and

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

assigned to OneWest Bank. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

3. Defendant Financial Freedom Acquisition, LLC (hereinafter "Financial Freedom") is the successor in interest to Financial Freedom Senior Funding Corporation, the originator and servicer of the reverse mortgage which is the subject matter of this case. Defendant Financial Freedom currently operates as a subsidiary of defendant One West Bank in Pasadena, California and continues to act as the servicer of the reverse mortgage which is the subject matter of this case.

**ANSWER:** Defendants admit that Financial Freedom Acquisition LLC is a wholly owned subsidiary of OneWest Bank. Defendants admit that their records illustrate that Financial Freedom Senior Funding Corporation was the originating lender. Defendants deny that Financial Freedom Acquisition LLC is the "successor in interest" to Financial Freedom Senior Funding Corporation; instead Financial Freedom Acquisition LLC acquired certain assets from Financial Freedom Senior Funding Corporation. Defendants deny that Financial Freedom Acquisition LLC, as defined in the context of the Complaint, is the current servicer of the reverse mortgage that is the subject of this case. Instead, the current servicer of the reverse mortgage that is the subject of this case is OneWest Bank N.A.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

4. The cause of action, hereinafter stated, arose in Macomb County, Michigan and involves real property located in Macomb County, Michigan.

**ANSWER:** Admitted.

5. The amount in controversy herein exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest and costs.

**ANSWER:** Defendants deny all liability to Plaintiff, but admit that the amount in controversy is sufficient to satisfy the jurisdictional requirements of this Court.

6. On September 28, 2006 plaintiff and her now deceased husband, Konstantinos Kostopoulos, were granted an Adjustable Rate Home Equity Conversion Mortgage, commonly known as a reverse mortgage, by Financial Freedom Senior Funding Corporation, under which their residential home, located in the City of Warren, Macomb County, Michigan was given as security. A copy of said Adjustable Rate Home Equity Conversion Mortgage (hereinafter "the Reverse Mortgage") is attached hereto as Exhibit A and incorporated by reference herein.

**ANSWER:** Defendants deny that Plaintiff is or was a borrower under the referenced loan. Defendants deny that Plaintiff executed any agreement under

which she is identified as a "Borrower," as that term is defined. Defendants deny that the document attached as Exhibit A contains an accurate copy of the subject mortgage, at the time of its execution by the parties. Defendants admit that the borrower, Mr. Kostopoulos, obtained the loan from Financial Freedom Senior Funding Corporation on September 26, 2006. Defendants admit that Plaintiff pledged her interest in the subject real property as security for Mr. Kostopoulos's loan. Defendants admit that the mortgage was recorded, in a modified form, with the Macomb County register of deeds, and that it is a first priority encumbrance on the Property. Defendants deny all remaining allegations contained in this paragraph as untrue.

7. Under the terms the Reverse Mortgage and related loan documents referenced therein, Financial Freedom Senior Funding Corporation, as Lender, agreed to make advances to plaintiff and her husband from time to time, up to a maximum principal amount of $277,500.00.

**ANSWER:** The referenced documents speak for themselves, and Defendants deny the allegations contained in this paragraph to the extent they are inconsistent with the referenced documents. Defendants deny that the referenced documents contemplate any advances or disbursements to Plaintiff. Defendants deny that Plaintiff is a "Borrower" under any agreement. Defendants admit only that the controlling documents contemplate that Mr. Kostopoulos only may

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

borrower funds up to $277,500.00. Defendants deny any remaining allegations contained in this paragraph as untrue.

8. That under the terms of the Reverse Mortgage the sums so advanced were not due and payable until January 26, 2076, unless paid earlier by virtue of an acceleration of the debt under paragraph 9 of the Reverse Mortgage, which paragraph is entitled: "Grounds for Acceleration of Debt."

**ANSWER:** The referenced documents speak for themselves, and Defendants deny the allegations contained in this paragraph to the extent they are inconsistent with the referenced documents. Defendants deny that Plaintiff is a "Borrower" under any agreement. Defendants deny the referenced mortgage solely controls the acceleration of any indebtedness. Defendants admit only that Mr. Kostopoulos's debt would not be due and payable until there was an acceleration event under paragraph 9 of the mortgage document signed by Plaintiff and Mr. Kostopoulos, or under paragraph 7 of the related promissory note signed by Mr. Kostopoulos only. Defendants deny any remaining allegations contained in this paragraph as untrue.

9. Consistent with wide-spread media marketing advertisements for reverse mortgages and the common understanding of reverse mortgages generally, paragraph 9 of the Reverse Mortgage involved in this case generally allows

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

acceleration of the debt only when the last borrower leaves the home (that is to say, dies or moves out).

**ANSWER:** Defendants admit only that the controlling loan documents contemplate acceleration when there is no remaining "Borrower" in the property. Defendants deny that Plaintiff is or was a "Borrower." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10. As more fully appears from the affidavit of plaintiff filed herewith, none of the grounds for acceleration of the debt set forth in paragraph 9 of the Reverse Mortgage have occurred or exist — plaintiff, the surviving borrower, as that term is used in paragraph 9 of the Reverse Mortgage, continues to own and reside at the home to this day and all other obligations of the borrower have, at all times, been performed (the property has continually been well maintained, taxes have always been paid and adequate insurance kept in place). A copy of said affidavit is attached hereto as Exhibit B and incorporated by reference herein.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's current ownership or residency in the subject real property, or concerning the allegations in the affidavit referenced as Exhibit B. Defendants deny all remaining allegations contained in this paragraph as untrue.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

11. As also reflected in the affidavit of plaintiff no notice that the loan was due and payable pursuant to acceleration of the debt under paragraph 9 of the Reverse Mortgage was ever given by defendants to plaintiff despite the fact that such notice is specifically required by paragraph 9 (d) of the Reverse Mortgage, if and when the debt is properly accelerated by the lender.

**ANSWER:** Denied as untrue.

12. Notwithstanding the fact that none of the grounds for acceleration of the debt set forth in paragraph 9 of the Reverse Mortgage have occurred or exist, that there has been absolutely no default by plaintiff whatsoever and that plaintiff' has in fact fully complied with all of the borrower's obligations under the Reverse Mortgage, on May 19, 2014 defendants, in blatant breach of said mortgage, commenced foreclosure by advertisement.

**ANSWER:** Defendants admit only that foreclosure by advertisement was properly commenced. Defendants deny all remaining allegations as untrue.

13. By virtue of such foreclosure by advertisement the foreclosure sale of plaintiff's home was scheduled to take place at 10:00 a.m. on June 20, 2014, then adjourned until July 11, 2014. Plaintiff is informed and believes that the foreclosure sale has now been adjourned once again, yet the foreclosure itself has not been rescinded but remains pending as of the date hereof.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**ANSWER:** Defendants admit that the referenced foreclosure sale has been adjourned. Defendants admit that the sale and the foreclosure remain pending. Defendants deny that foreclose is improper, and deny all remaining allegations as untrue.

14. Under the terms of the Reverse Mortgage, attached as Exhibit A, the foreclosure by advertisement commenced by the plaintiffs and the impending foreclosure sale of plaintiff's home is patently wrongful and entirely at odds with the express terms of the Reverse Mortgage.

**ANSWER:** Denied as untrue.

15. That that as a result of defendants having wrongfully commenced foreclosure by advertisement of the Reverse Mortgage, plaintiff is justly fearful that unless restrained by order of this Court, defendants will wrongly proceed to go forward with such foreclosure and as a consequence thereof; plaintiff will suffer immediate and irreparable injury, harm and damage through the loss of her home at the foreclosure sale due to her inability to immediately pay off the improperly accelerated debt, or to thereafter redeem the property.

**ANSWER:** Denied as untrue.

16. That that as a further consequence of defendants having wrongfully commenced foreclosure by advertisement, plaintiff has suffered, and will continue to suffer, additional injury, harm and damage, including, but not limited to:

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

a) Incurring significant and burdensome expenses for legal fees and costs expended to preserve her ownership of and her right to continue to occupy the only home she has known for the last 40 years, including among other such expenses, the cost of having to bring and maintain this action;

b) Suffering extreme mental anguish and distress engendered by the fear and horror of potentially becoming homeless due to the outlandish conduct on the part of the defendants in wrongfully commencing foreclose of the Reverse Mortgage and persisting in the continuation of such foreclosure even after plaintiff objected and made known to defendants the gross impropriety and wrongfulness of their conduct in doing so.

**ANSWER:** Denied as untrue.

## AFFIRMATIVE DEFENSES

Defendants have not yet had the opportunity to complete their investigation and discovery in this matter and thereby rely on such of the following defenses as may prove applicable after discovery and at trial:

1. Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted. Plaintiff is not a "Borrower" under any applicable document, and therefore there is no surviving borrower in the subject real property, and foreclosure is proper.

2. Plaintiff's claims are precluded by unclean hands and estoppel. Plaintiff is seeking a windfall and to utilize the judicial process to rescind her prior agreements.

3. Plaintiff's claims may be precluded by the applicable statutes of limitation and repose.

4. Plaintiff's claims are barred in whole or in part by waiver, laches, collateral estoppel, claim preclusion, and res judicata.

5. Plaintiff's claims are barred in whole or in part by the existence of

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

relevant contracts.

6. Plaintiff's claims are barred in whole or in part by release.

## RESERVATION OF RIGHT

Defendants reserve their right to file such amended answers and such additional defenses as may be appropriate upon completion of its investigation and discovery.

*Respectfully submitted,*

**DYKEMA GOSSETT PLLC**

By: /s/Robert Hugh Ellis
Robert Hugh Ellis (P72320)
**DYKEMA GOSSETT PLLC**
*Attorneys for Defendants*
400 Renaissance Center
Detroit, MI 48243
(313) 568-5448
rellis@dykema.com

Date: November 14, 2014

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**CERTIFICATE OF SERVICE**

I certify that on November 14, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties by operation of the Court's electronic filing system.

**DYKEMA GOSSETT PLLC**

By: /s/Robert Hugh Ellis
Robert Hugh Ellis (P72320)
*Attorneys for the Defendants*
rellis@dykema.com